# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC-ROBIN CHOLERTON,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>EDMUND G. BROWN, et al.,<br><br>　　　　　　　Defendants. | Case No. CV 13-8992-GW (JEM)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge ("R&R"). Plaintiff has filed Objections, and the Court has engaged in a de novo review of those portions of the R&R to which Plaintiff has objected. The Court concurs with and accepts the findings, conclusions, and recommendations of the Magistrate Judge.

　　　　With respect to the dismissal of Plaintiff's claims against Defendant Mid Valley Tow, Inc., which did not move to dismiss the Complaint or otherwise respond to the Complaint, the Court observes that "'[a] trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim. . . .'" Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988) (quoting Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981)). Such dismissal may be made without notice where the plaintiff cannot possibly win relief. Sparling, 864 F.2d at 638; Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987); Wong, 642 F.2d at 362. As stated in the R&R, the allegations in the Complaint are insufficient to state

a claim against Defendant Mid Valley Tow, Inc. for the same reasons that Plaintiff's claims fail against the moving defendants. As with the moving defendants, moreover, there does not appear to be any way in which Plaintiff could amend his Complaint, consistently with the allegations in the Complaint, to state a cognizable claim against Mid Valley Tow, Inc. not subject to the defects discussed in the R&R. Finally, Plaintiff failed to show in his Objections to the R&R that amendment of the Complaint as to Defendant Mid Valley Tow, Inc., would not be futile. Accordingly, Plaintiff's claims against Defendant Mid Valley Tow, Inc., should be dismissed without leave to amend. See Sparling, 864 F.2d at 638; Omar, 813 F.2d at 991; see also Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990), cert. denied, 502 U.S. 921 (1991).

Concerning Plaintiff's due process claim arising from the towing or impoundment of his vehicle without a pre-two hearing (see, e.g., Complaint at 5), the Court notes that constitutional due process guarantees do not require a pre-deprivation hearing before the towing and impoundment from public streets of vehicles for traffic violations. See City of Los Angeles v. David, 538 U.S. 715, 716-19 (2003) (per curiam); Scofield v. City of Hillsborough, 862 F.2d 759, 762 (9th Cir. 1988); Soffer v. City of Costa Mesa, 798 F.2d 361, 362-63 (9th Cir. 1986). Thus, the Complaint fails to state a section 1983 due process claim arising from the towing or impoundment of Plaintiff's vehicle.

Accordingly, IT IS HEREBY ORDERED that: (1) Defendants' Motion to Dismiss be granted; (2) Plaintiff's Complaint be dismissed in its entirety without leave to amend; and (3) this action be dismissed in its entirety, with prejudice as to Plaintiff's claims under federal law and without prejudice as to Plaintiff's claims under state law.

DATED: August 1, 2014

GEORGE H. WU
UNITED STATES DISTRICT JUDGE